PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

**RECEIVED**
JUN 23 2008
U.S. PROBATION OFFICE
CHICAGO, IL

**FILED**
08 CR 554
JUL 24 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | SA-04-CR-681(01)OG |
| DOCKET NUMBER *(Rec. Court)* | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Joshua Abell | Western Texas | San Antonio |
| | NAME OF SENTENCING JUDGE | |
| | Orlando L. Garcia, U.S. District Judge | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 02/20/2008 | TO 02/20/2010 |
| | 02/20/2008 | | |

JUDGE JOAN H. LEFKOW
MAGISTRATE JUDGE NOLAN

**OFFENSE**

Conspiracy to Commit Copyright Infringement, in violation of 18 U.S.C. § 371, 18 U.S.C. § 2319(b)(1) and 17 U.S.C. § 506(a)(1).

Criminal Infringement of a Copyright, in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1).

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ WESTERN _____ DISTRICT OF _____ TEXAS _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Northern District of Illinois _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_6/17/08_
Date

_____
United States [District or Mag judge] Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT OF _____ Illinois _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**FILED**
8-5-08
AUG 05 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL W. DOBBINS, CLERK
BY _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

JUL 11 2008   JUL 21 2008    _James F. Holderman_
Effective Date                United States [District or Mag judge] Judge

A true copy of the original, I certify.
Clerk, U. S. District Court
By _____ Deputy



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
655 East Durango Blvd., Suite G - 65
San Antonio, Texas 78206

July 24, 2008

Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn St.
Chicago, IL 60604

**FILED**

AUG 0 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SUBJECT:   Case transfer
USA v. JOSHUA ABELL
SA-04-CR-681-OG

**08 CR 554
JUDGE LEFKOW
MAGISTRATE JUDGE NOLAN**

Dear Clerk:

The above action has been transferred to your court. Enclosed, please find a certified copy of the transfer order and the docket sheet.

You may access electronically filed documents for this case at our DCN/CM/ECF web address:

Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt of the enclosed transfer order, docket sheet and original documents, if any, by signing and returning the enclosed copy of this letter to the divisional office address at the address listed above.

Sincerely,
WILLIAM G. PUTNICKI, Clerk
United States District Court
Western District of Texas

By: _____
       Deputy Clerk

CLOSED

# U.S. District Court [LIVE]
# Western District of Texas (San Antonio)
# CRIMINAL DOCKET FOR CASE #: 5:04-cr-00681-OLG-1

Case title: USA v. Abell

Date Filed: 12/28/2004
Date Terminated: 10/17/2006

Assigned to: Judge Orlando L. Garcia

**Defendant (1)**

**Joshua Abell**
*TERMINATED: 10/17/2006*

represented by **Robert J. Barrera**
Nicholas & Barrera
424 East Nueva
San Antonio, TX 78205
(210) 224-5811
Fax: 210/224-5890
Email: robert_b@nablawoffices.com

*TERMINATED: 10/17/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES
(1)

**Disposition**

Counts 1 & 2: 15 months imprisonment, 2 years supervised release, $200 total special assessment, no fine.

A true copy of the original, I certify,
Clerk, U.S. District Court
By ___ 567 ___
Deputy

|  |  |
|---|---|
| **18:2319.M CRIMINAL INFRINGEMENT OF A COPYRIGHT** (2) | No restitution.<br>Counts 1 & 2: 15 months imprisonment, 2 years supervised release, $200 total special assessment, no fine. No restitution. |
| **Highest Offense Level (Opening)**<br>Felony | |
| **Terminated Counts**<br>None | **Disposition** |
| **Highest Offense Level (Terminated)**<br>None | |
| **Complaints**<br>None | **Disposition** |

| | | |
|---|---|---|
| **Plaintiff**<br>**USA** | represented by | **C. Larry Mathews, Jr.**<br>Assistant United States Attorney<br>601 N. W. Loop 410<br>Suite 600<br>San Antonio, TX 78216-5512<br><br>(210) 384-7150<br>Fax: (210) 384-7118<br>Email: Larry.Mathews@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2004 | | Case assigned to Honorable Orlando L. Garcia (rg1) (Entered: 01/03/2005) |
| 12/28/2004 | 1 | Consent to transfer (Rule 20) from Southern District of Iowa, Des Moines Division as to Joshua Abell (1) count(s) 1, 2 (rg1) (Entered: 01/03/2005) |
| 01/04/2005 | | Notice received from USDC, Southern District of Iowa, Des Moines Division regarding original case no. of 4:04-cr-330 should be 4:04-cr-335 as to Joshua Abell (rg1) (Entered: 01/05/2005) |
| 02/01/2005 | 2 | Consent to administration of guilty/nolo plea and Rule 11 Allocution by a United States Magistrate Judge as to Joshua Abell (rg) (Entered: 02/02/2005) |
| 02/01/2005 | 2 | ORDER of Referral to U.S. Magistrate on felony guilty/nolo plea as to Joshua Abell signed by Honorable Orlando L. Garcia (rg) (Entered: 02/02/2005) |
| 02/04/2005 | 3 | ORDER as to Joshua Abell set Rule 20 first appearance; arraignment and plea for 9:30 2/28/05 signed by Honorable Nancy S. Nowak (rg) (Entered: 02/07/2005) |
| 02/07/2005 | 4 | USA request that a summons be issued for the appearance of defendant Joshua Abell (tr) (Entered: 03/01/2005) |
| 02/28/2005 | | Rule 20 Defendant(s) Joshua Abell first appearance held. (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 5 | ORDER bond set: Bond set to $10,000 Unsecured for Joshua Abell. signed by Honorable Nancy S. Nowak (rg) (Entered: 03/01/2005) |
| | | |

| | | |
|---|---|---|
| 02/28/2005 | 6 | Bond filed: $10,000 Unsecured for Joshua Abell (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 7 | Plea agreement filed as to Joshua Abell (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 8 | Minutes of proceedings for Initial Appearance conducted on 2/28/05 as to Joshua Abell by Judge Nowak. Court Reporter: (rg) (Entered: 03/01/2005) |
| 02/28/2005 | | Rearraignment as to Joshua Abell held. Defendant waived in open court, waiver of indictment. (rg) (Entered: 03/01/2005) |
| 02/28/2005 | | Plea of guilty entered by Joshua Abell (1) count(s) 1 (rg) (Entered: 03/01/2005) |
| 02/28/2005 | | Referred to Probation for Pre-Sentence Report as to Joshua Abell (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 9 | Findings of Fact and Recommendation on felony guilty/nolo plea before the United States Magistrate Judge as to Joshua Abell Recommendation that the District Court accept the guilty plea. (mailed on 3/1/05 by certified mail or faxed if authorization is on file) (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 10 | Waiver of Rule 32 time limits by Joshua Abell (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 11 | ORDER as to Joshua Abell set sentencing for 9:30 5/26/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 03/01/2005) |
| 02/28/2005 | 12 | Minutes of proceedings for Rearraignment/plea conducted on 2/28/05 as to Joshua Abell by Judge Nowak. Court Reporter: Tape (rg) (Entered: 03/01/2005) |
| 03/23/2005 | 13 | Order as to Joshua Abell accepting findings of fact plea Recommendation that the District Court accept the guilty plea. [9-1] signed by Honorable Orlando L. |

|  |  | Garcia (rg1) (Entered: 03/25/2005) |
|---|---|---|
| 03/23/2005 |  | Guilty plea accepted by the court as to Joshua Abell (1) count(s) 1 ; Mooted Motions: (rg1) (Entered: 03/25/2005) |
| 05/18/2005 | 14 | ORDER as to Joshua Abell reset sentencing for 9:30 9/29/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 05/19/2005) |
| 06/28/2005 | 15 | Petition and Order for Action on Conditions of Pretrial Release as to Joshua Abell signed by Honorable John W. Primomo (rg1) (Entered: 06/29/2005) |
| 09/26/2005 | 16 | Sealed Motion by Joshua Abell SEALED (rg1) (Entered: 09/27/2005) |
| 10/14/2005 | 17 | Order as to Joshua Abell granting motion SEALED [16-1] as to Joshua Abell (1) resetting sentencing to 9:30 12/15/05 for Joshua Abell signed by Honorable Orlando L. Garcia (rg1) (Entered: 10/14/2005) |
| 12/13/2005 | 18 | Order as to Joshua Abell resetting sentencing to 9:30 6/15/06 for Joshua Abell signed by Honorable Orlando L. Garcia (rg1) (Entered: 12/13/2005) |
| 06/12/2006 | 19 | ORDER as to Joshua Abell Sentencing reset for 9/7/2006 09:30 AM before Honorable Orlando L. Garcia.. Signed by Judge Orlando L. Garcia. (rg1, ) (Entered: 06/12/2006) |
| 09/07/2006 | 20 | Minute Entry for proceedings held before Judge Orlando L. Garcia :Sentencing held on 9/7/2006 for Joshua Abell (1), Count(s) 1, 2, Counts 1 & 2: 15 months imprisonment, 2 years supervised release, $200 total special assessment, no fine. No restitution. (Minute entry documents are not available electronically.) (Court Reporter Maurice West.) (rg1, ) (Entered: 09/07/2006) |
| 10/17/2006 | 21 | JUDGMENT AND COMMITMENT as to Joshua Abell . Signed by Judge Orlando L. Garcia. (rg1, ) (Entered: 10/18/2006) |

| 10/17/2006 |    | SEALED PRESENTENCE INVESTIGATION REPORT placed under seal as to Joshua Abell (rg1, ) (Entered: 10/18/2006) |
| --- | --- | --- |
| 07/24/2008 | 22 | Probation/Supervised Release Jurisdiction Transferred to Northern District of Illinois as to Joshua Abell Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rf) (Entered: 07/24/2008) |
| 07/24/2008 | 23 | Transfer letter directed to Northern District of Illinois as to Joshua Abell (rf) (Entered: 07/24/2008) |

**RECEIVED**

DEC 2 2 2004

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 4-04-CR-335 |
| Plaintiff, ) | |
| ) | **INFORMATION** |
| vs. ) | |
| ) | T. 18, U.S.C., § 371 |
| JOSHUA ABELL, ) | T. 18, U.S.C., § 2319(b)(1) |
| ) | T. 17, U.S.C., § 506(a)(1) |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES:

**Count 1**
(Conspiracy)

**I. Background.**

*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Southern District of Iowa.
Date Filed: 12-29-04
JAMES R. ROSENBAUM, Clerk
By: K. Brandenburg, Deputy Clerk

1.  At all times relevant to this Information, the defendant, JOSHUA ABELL possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using an alias.

**II. Object of the Conspiracy,**

2.  From on or about January 2003 through on or about April 2004, in the Southern District of Iowa and elsewhere, the defendant, JOSHUA ABELL, and others known and unknown to the government (hereafter the "Conspirators") did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States, to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of 18 U.S.C. § 2319(b)(1), and 17 U.S.C. § 506(a)(1).

A true copy of the original, I certify.
Clerk, U. S. District Court
By _____ Deputy

### III. Manner and Means of the Conspiracy.

3. It was a part of the conspiracy that the defendant, JOSHUA ABELL, and the other Conspirators were participants in the "warez scene," *i.e.*, individuals and organized groups of individuals ("warez groups") who engage in the duplication, modification, reproduction, and distribution of copyright protected software over the Internet, in violation of federal copyright law.

4. It was further a part of the conspiracy that the defendant, JOSHUA ABELL, and the other Conspirators would obtain access to "pirated" software, *i.e.*, computer software, games, movies, and music files, that had been "cracked," *i.e.*, had their copyright protections removed or circumvented by other participants in the warez scene. The defendant, JOSHUA ABELL, and the other Conspirators would then distribute such pirated software to certain file storage sites ("FTP sites") on the Internet for others to access, reproduce, and distribute. In exchange for uploading files to an FTP site, the defendant, JOSHUA ABELL, would obtain access to additional files located on that FTP site for downloading for his own use and benefit.

5. It was further a part of the conspiracy that the defendant, JOSHUA ABELL, and the other Conspirators would establish and maintain certain FTP sites for the purpose of receiving, storing, and distributing pirated software. In particular, it was a part of the conspiracy that the defendant, JOSHUA ABELL, acted as a courier for two warez supplier groups and transferred or assisted in the transfer of numerous software titles to the main warez site where said software was then made available to other individuals.

### IV. Overt Acts

6. In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the

2

following overt acts, among others, were committed within the Southern District of Iowa and elsewhere:

    a.    From on or about January 2003 through on or about April 2004, the defendant, JOSHUA ABELL, and other Conspirators established and maintained a warez site in the District of New Jersey for the purpose of uploading, storing, and downloading pirated software. In total, over the course of the above conspiracy, the Conspirators distributed approximately 13,000 individual copyrighted works to and from the New Jersey warez site, with many of those copyrighted works being reproduced and distributed more than once.

    b.    From on or about August 2003 through on or about April 2004, the defendant, JOSHUA ABELL, transferred or assisted in the transfer of approximately 581 software titles to the warez computer located in New Jersey with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators.

    c.    From on or about August 2003 through on or about April 2004, the defendant, JOSHUA ABELL, transferred or assisted in the transfer of approximately 621 software titles from the warez computer to other computers including his personal computer located in his residence in San Antonio, Texas.

    d.    From on or about January 2003 through on or about April 2004, the defendant, JOSHUA ABELL, and other Conspirators operated and maintained a computer system known as an "Internet Relay Chat" (IRC) for the purpose of communicating with one another and to assist in accessing and managing the warez site.

    This is a violation of Title 18, United States Code, Section 371.

**THE UNITED STATES ATTORNEY FURTHER CHARGES:**

**COUNT 2**
(Criminal Infringement of a Copyright)

From on or about January 2003 and continuing through on or about April 2004, in the Southern District of Iowa, and elsewhere including to and from the New Jersey warez site, the defendant, JOSHUA ABELL, during a 180-day period did willfully reproduce and distribute at least ten infringing copies of one or more copyrighted works, with a total retail value of more than $2,500, for purposes of private financial gain.

This is a violation of Title 17 United States Code, Section 506(a)(1) and Title 18 United States Code, Section 2319(b)(1).

**A TRUE INFORMATION.**

United States of America

Matthew G. Whitaker
United States Attorney

By: *[signature]*
Richard L. Richards
Assistant United States Attorney

4

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

FILED
OCT 17 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

JOSHUA PHILLIP ABELL

Defendant.

Case Number   SA-04-CR-681(1)-OLG
USM Number   49424180

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JOSHUA PHILLIP ABELL, was represented by Mr. Robert J. Barrera.

The defendant pled guilty to Count(s) One, and Two of the Information on February 28, 2005. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. 371, 18 U.S.C. 2319(b)(1) & 17 U.S.C. 506(a)(1) | Conspiracy to Commit Copyright Infringement | April 2004 | One |
| 17 U.S.C. 506(a)(1) & 18 U.S.C. 2319(b)(1) | Criminal Infringement of a Copyright | April 2004 | Two |

As pronounced on September 7, 2006, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __17th__ day of October, 2006.

_____
ORLANDO L. GARCIA
United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant: JOSHUA PHILLIP ABELL
Case Number: SA-04-CR-681(1)-OLG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 15 months on each of Counts One, and Two to be served concurrently.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at or before 2:00 PM when notified to report by the United States Pretrial Services. However, the defendant shall not be required to report prior to January 20, 2007.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: JOSHUA PHILLIP ABELL
Case Number: SA-04-CR-681(1)-OLG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years on each of Counts One, and Two to be served concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

1. The defendant shall provide the probation officer access to any requested financial information and provide any requested personal and/or business telephone records, Internet Service Provider (ISP) accounts (including user-names and passwords), and proof of disconnection or termination of internet services.

2. The defendant shall not possess or use a computer with access to the internet unless permitted by the probation officer. This includes possessing or using any computer with a modem.

3. The defendant shall permit the probation officer to conduct periodic unannounced inspections of his computer equipment which may include retrieval and copying of all data from the defendant's computers. This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

4. The defendant shall consent, at the direction of the probation officer, to having installed on any computer the defendant uses, at the defendant's expense, hardware or software to monitor the defendant's computer use. The defendant shall permit the placement on the computer a notice to warn others of the existence of monitoring software.

5. The defendant shall not posses or use a computer except with the prior approval of the probation officer for authorized employment purposes only.

6. The defendant shall permit the probation officer to inform any third parties regarding the imposed computer-related restrictions.

7. The defendant shall maintain a daily log of all addresses accessed via any computer, other than for authorized employment, and submit this log to the probation officer upon request.

8. The defendant shall permit the probation officer to conduct a warrantless search of his entire residential premises, computer system, internet access devices and/or vehicle to insure compliance with all these conditions.

9. The defendant is prohibited from using any software program or device designed to hide, alter, or delete records/logs of the defendant's computer use, internet activities, or the files stored on the defendant's assigned computers. This includes the use of encryption, steganography, and cache/cookie removal software.

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 4

10. The defendant is prohibited from installing new hardware or having his computer repaired without receiving prior permission from the probation officer.

11. The defendant shall refrain from using a computer in any manner that relates to the activity in which the defendant was engaged in committing the instant offense or violation behavior, namely copyright infringement and participation in "warez groups."

12. The defendant will have an occupational condition that he cannot be employed directly or indirectly where he is an installer, programmer, or "trouble shooter".

13. The defendant shall disclose all online accounts including user-names and passwords to the probation officer upon request. You shall also provide telephone/internet service provider billing records monthly as well as proof of the disconnection or termination of such services, if required by Court.

14. The defendant shall provide the probation officer access to any requested financial information.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant: JOSHUA PHILLIP ABELL
Case Number: SA-04-CR-681(1)-OLG

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 6

Defendant: JOSHUA PHILLIP ABELL
Case Number: SA-04-CR-681(1)-OLG

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform 400 hours of community service work without pay, as a chemistry tutor, or tutor in some other science, preferable at an inner city high school, at a location approved by the probation officer, to be completed by the end of the supervision term.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 7

Defendant: JOSHUA PHILLIP ABELL
Case Number: SA-04-CR-681(1)-OLG

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTAL: | $200.00 | $0 | $Undetermined |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

### Restitution

For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.